IN THE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

----------------------------------- X
MASSIMILIANO PINCIONE,              :
          Plaintiff,         :
  vs.
                              :   CASE NO.: 1:11cv 349 (AJT/IDD)
PETER SANG DIUK JUNG,               :
          Defendant.         :
                              :
----------------------------------- X

**PROPOSED JOINT DISCOVERY PLAN**

      Plaintiff Massimiliano Pincione ("Pincione") and Defendant Peter Sang Diuk Jung ("Jung"), by their counsel, have conferred pursuant to Rule 26(f) of the Federal Rules of Civil Procedure to consider the nature and basis of their claims and defenses and the possibilities of a prompt settlement or resolution of the case, and have agreed to the following proposed discovery plan in connection with the Rule 16(b) Conference currently scheduled for June 22, 2011.

      1.    Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, counsel for Pincione and Jung certify that they have conferred prior to this Rule 16(b) Conference to consider claims, defenses, possibilities of a prompt settlement, and to arrange for the disclosures Rule 26(a)(1) requires.

**Initial Disclosures**:

      2.    Rule 26(a)(1) initial disclosures shall be made on or before Wednesday, June 23, 2011.

**Discovery**:

3. Pincione and Jung agree that the limitations contained in the Court's standard Initial Pretrial Order would be appropriate in this case. In particular, each party shall be permitted to take five (5) non-party, non-expert witness depositions, and each party may serve on any other party thirty (30) interrogatories, including subparts, without further leave of the Court.

4. The parties shall identify their expert witnesses pursuant to Fed.R.Civ.P. 26(a)(2) on or before Monday, August 12, 2011.

5. The parties shall identify their rebuttal expert witnesses pursuant to Fed.R.Civ.P. 26(a)(2) on or before Friday, September 12, 2011.

6. All discovery shall be completed by Friday, October 14, 2011.

7. Electronically-stored information, including but not limited to e-mails and word processing files, may be discovered in accordance with Rule 34(b) and shall be produced in native format and shall include production of metadata and other electronically stored information.

8. All claims of privilege and/or work product protection must be made in accordance with Rule 26(b)(5). However, the parties agree it shall not be necessary to include on any privilege log communications between any party and his litigation counsel.

9. The parties have agreed to the following "claw back" provision:

(A) The unintentional production of any document or other information subject to protection by the attorney-client or other applicable privilege and/or the work product doctrine or by another legal privilege protecting such information/documents from discovery shall not constitute a waiver of any privilege or other protection, provided that the producing party notifies the receiving party, in writing of the unintentional production, within 10 business

days after its discovery of same. In accordance with Federal Rule of Evidence 502, the attorney client privilege or work product protection is not waived by inadvertent disclosure in this litigation.

(B) Upon written notice of an unintentional production of a privileged document by the Producing Party or oral notice if notice must be delivered at a deposition, the Receiving Party must promptly return or destroy the specified document and any hard copies the Receiving Party has and may not use or disclose the information. To the extent that the Producing Party insists on the return or destruction of electronic copies, rather than disabling the documents from further use or otherwise rendering them inaccessible to the Receiving Party, the Producing Party shall bear the costs of the return or destruction of such electronic copies.

(C) To the extent that the information contained in a document subject to a claim has already been used in or described in other documents generated or maintained by the Receiving Party, then the Receiving Party will sequester such documents until the claim has been resolved. If the Receiving Party discloses the specified information before being notified of its inadvertent production, it must take reasonable steps to retrieve the information until the claim is resolved.

(D) If any receiving party is in receipt of a document or information from a producing party that the receiving party has reason to believe was unintentionally produced by the producing party, the receiving party shall in good faith take reasonable steps to notify the producing party of the production of that document so that the producing party may make a determination of whether such document was unintentionally produced.

(E) The party returning or destroying any unintentionally produced documents may move the Court for an order compelling production of some or all of the

3

documents/information to be returned or destroyed, but the bases for such a motion may not include the fact or circumstances of the unintentional production unless the producing party did not comply with the notice requirement contained in Paragraph 10(B).

**Other Matters**:

10. Dispositive motions shall be filed no later than Monday, October 31, 2011.

11. The parties shall exchange trial exhibit lists and trial witness lists in accordance with the deadlines set by any applicable Rules and the Court's May 23, 2011 Order. The parties anticipate that the Court's Final Pre-Trial Order will address, among other things, motions in limine, including dates for briefing and arguing the same.

12. Service and filing of pleadings in this case shall adhere to the United States District Court for the Eastern District of Virginia Electronic Case Filing Policies and Procedures and Fed. R. Civ. P. 5(b); provided however, that nothing in this Proposed Discovery Plan shall alter the deadlines and requirements for non-dispositive motions in the Rule 16(b) Scheduling Order or the deadlines and requirements set forth in any other order of the Court. Pursuant to Rule 5(b)(2)(E), the parties agree that notices of deposition, discovery requests, objections and responses, and other papers that are not filed through the Court's Electronic Case Filing system ("ECF") may be served by electronic mail ("e-mail").

13. The parties do not consent to proceed to trial before a Magistrate Judge at this time.

Respectfully submitted:

**MASSIMILIANO PINCIONE**

By:         /s/
    Sean F. Murphy, Esq. (VA Bar No. 28415)
    MCGUIREWOODS LLP
    1750 Tysons Boulevard; Suite 1800
    McLean, VA  22102-4215
    Telephone:  (703) 712-5000
    Facsimile:  (703) 712-5050
    sfmurphy@mcguirewoods.com

**OF COUNSEL:**

Jay G. Safer
Jason Nardiello
LOCKE LORD BISSELL & LIDDELL LLP
3 World Financial Center
New York, New York 10281-2101
Telephone No.: (212) 415-8600
Facsimile No.: (212) 303-2754
JSafer@lockelord.com
JNardiello@lockelord.com

*Counsel for Massimiliano Pincione*

-and-

**PETER SANG DIUK JUNG**

By:         /s/
    Gilbert K. Davis (Va. Bar No. 04683)
    OLD DOMINION ADVOCIATES, LTD.
    P. O. Box 1856
    Centreville, VA  20122
    Telephone:  703-507-9911
    Facsimile:  703-266-1460
    GilDavisLaw@aol.com

*Counsel for Peter Sang Diuk Jung*

\31412769.1